One year (50 issues) Payable in Advance.......$15.00
Single Numbers ...............................  .35

**THE LAW ABSTRACT COMPANY**

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

# SYLLABI
## Cases Decided by Supreme Court

### No. 219

No. 20078—The C. A. King & Co. v. D. O. Horton.  Error to the Court of Appeals of Williams county.

941.  PRACTICE & PROCEDURE — 1. Where counsel omit to develop facts tending to show contract, upon which action is based, is unlawful, duty of judge to further examine witness, and submit the issues thus made to jury.

2.  Willingness and consent of both parties to suit to submit cause without reference to elements which make the contract illegal, does not warrant court in sustaining the contract.

928.  POLICE POWER—Police power of the state is not surrendered to the federal government and it is within the power to devise means to its ends, so long as they are not excessive and have real and substantial relation to the object to be accomplished.

184.  BUCKET SHOP ACT—1.  Ohio bucket shop act, 13069-13080 GC., is designed to guard the public morals and has proper relation to the police power.

2.  The Ohio bucket shop act, which prohibits wagering contracts within the state, is not repugnant to the federal act designed to regulate boards of trade, where members deal in grain futures in interstate commerce.

3.  An executory contract made in this State between Ohio persons, who do not intend to complete by delivery of the whole, but to resell and pay or receive the difference between the contract and market prices is not a transaction in interstate commerce.

MARSHALL, C. J.

1.  Where counsel in the introduction of evidence during the trial of a cause before the jury omit to develop facts tending to show that the contract between the parties which is the basis of the cause of action is unlawful and void, it becomes the duty of the presiding judge to further examine witnesses and develop the facts and to submit the issues thus made to the jury under proper instructions as to the law applicable thereto.

2.  In such case the willingness and consent of both parties to the suit to submit the cause without reference to those elements which render their transaction illegal and void does not warrant the court in sustaining such contract.

3.  The police power is the power to guard the public morals, safety and health and to promote the public convenience and the common good and is one of the powers not surrendered to the federal government and therefore remains with the states respectively.  It is within the power of the state to devise the means to be employed to those ends so long as they do not go beyond the necessities of the case and have a real and substantial relation to the object to be accomplished.

4.  The Ohio bucket shop act, sections 13069 to 13080, inclusive, General Code, is enacted under the police power, is designed to guard the public morals and has a real and substantial relation to the object to be accomplished.

5.  The Ohio bucket shop act is not repugnant to the provisions of the federal grain futures act of September 21, 1922.  The federal act is designed to regulate boards of trade where their members deal in grain futures in interstate commerce.  The Ohio statute prohibits wagering contracts between persons and firms within the state of Ohio.

6.  An executory contract made in the state of Ohio between persons in the state of Ohio, which the party paying or to pay does not intend to complete by receiving or delivering the whole of that which is so contracted for, but to resell before the time fixed by contract for such delivery or at such time to pay or receive the difference between the contract price and the market price, is not a transaction in interstate commerce.

Judgment affirmed.

Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.  Jones, J., dissents.

---

### No. 220

No. 19941—Leona Estella Seeds et al. v. James W. Seeds et al.  Error to the Court of Appeals of Franklin county.

1271.  WILLS—Where an instrument in form of a will has been created by forgery and same has been probated by perjured testimony, and by other fraudulent means one gets the deed to real estate, he will be deemed a trustee ex maleficio for the next of kin who would have been entitled to the property in the event of intestacy.

27.  ACTIONS—Where next of kin have no notice or knowledge of fraud and because of ignorance thereof, fail to bring suit within one year after becoming of age, they will have recourse to equity within 4 years after discovery of fraud.

1017.  REMEDY—1.  The right to prosecute further proceedings in original action upon ground of fraud in obtaining judgment or order is not exclusive.  Defrauded party may maintain independent suit in equity this remedy being cumulative to Sec. 11631 GC.

2.  Party obtaining property by fraud and transfers same to third party without consideration, an action to set aside former judgment is inadequate, but should be brought in equity.

1197.  TRUST & TRUSTEES—When fraudulent beneficiary is father of next kin he stands in fiduciary relationship and same imposes le-

gal duty to protect their interests and by reason of such violation he is a trustee maleficio. MARSHALL, C. J.

1. Where an instrument in form a will has been created by forgery and the same has been probated by perjured testimony and the next of kin have not been notified of the probate proceedings but the return of service upon the next of kin is falsified and where the party procuring such forged instrument and who has conspired to probate the same as a will by false testimony is the sole beneficiary named under the alleged will and has later by legal procedings secured a transfer of the legal title to such property to his own name, he will be held to be a trustee ex maleficio for the benefit of the next of kin who would have been entitled to the property in the event of intestacy.

2. Where the next of kin have no notice or knowledge of such fraud and because of ignorance of the same fail to bring an action to contest such alleged will within the period of one year after they respectively arrive at majority, they may maintain a suit in equity within the period of four years after discovery of the fraud.

3. The right to prosecute further proceedings in the original action on the ground that there was fraud in obtaining the judgment or order is not exclusive. The defrauded party may maintain an independent suit in equity to obtain relief and this right is cumulative to the provisions contained in Section 11631, General Code.

4. Where a party obtaining property by such fraudulent means transfers the same to a third person without consideration and the legal title is held by such third person before suit begun by the next of kin, an action at law to set aside the judgment is inadequate. The necessity to make new parties becomes additional justification for maintaining a suit in equity.

5. Where the frudulent beneficiary is the husband of the decedent and the father of the next of kin he stands in a fiduciary relation toward the next of kin and this relationship imposes upon him the legal duty to protect their interests, and by reason of the violation of that duty he is created a trustee ex maleficio.

Judgment reversed.

Day, Allen and Kinkade, JJ., concur. Jones, and Matthias, JJ., dissent.